IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAH 2014-2 BORROWER, LLC,

    Plaintiff,

v.

CHASTITY PICKNEY and ALL OTHERS,

    Defendants.

CIVIL ACTION NO.
1:16-CV-3764-WSD-LTW

## FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Chastity Pickney's ("Defendant") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The Affidavit of Poverty indicates that Defendant is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Fulton County.

## PROCEDURAL BACKGROUND FACTS

In September 2016, pursuant to Georgia law, Plaintiff CAH 2014-2 Borrower, LLC, ("Plaintiff") filed a Dispossessory Proceeding in the Magistrate Court of Fulton

County in an attempt to evict Defendant and all others from the property at 750 Stillrock Drive, Atlanta, Georgia 30331 (the "Property"), for failure to pay rent. (Doc. 1-1, p. 4). Plaintiff sought possession, a small amount in unpaid rent, and court costs. (Id.). Defendant thereafter attempted to remove the action to this Court. (Doc. 1-1, pp. 1-3). Defendant argues in the removal papers that this Court has jurisdiction over the matter because Plaintiff's actions violated federal law. (Doc. 1-1, p. 1-2).

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). In the removal papers, Defendant contends that federal question jurisdiction over the matter is conferred pursuant 28 U.S.C. § 1446, because Plaintiff's actions violate federal rights granted under 15 U.S.C. § 1692 and the Due Process Clause of the Fourteenth Amendment.

Federal question jurisdiction is not present. Contrary to Defendant's argument, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction under 28 U.S.C. § 1331 via the removal procedures of 28 U.S.C. §§ 1441(a) and 1446. Instead:

> the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

2

reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the laws or Constitution of the United States are ignored for determining removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). In the present case, Plaintiff relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Fulton County. (See Doc. 1-1, p. 4). No federal question is presented on the face of Plaintiff's filing that Defendant presently attaches to the removal papers. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. See O.C.G.A. § 44-7-50, et seq. For these reasons, this Court finds that federal subject matter jurisdiction does not exist.

Even though Defendant does not allege it as a basis of jurisdiction, diversity of citizenship would not provide a basis for removal in this case under 28 U.S.C. §§ 1332, 1441(b), and 1446. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). According to the Civil Cover

Sheet, Defendant has not identified diversity as a basis of jurisdiction, and both Plaintiff and Defendant appear to be citizens of Georgia. (Doc 1-2, p. 1; see also Doc. 1-1, p. 4). More importantly, the amount in controversy does not satisfy the jurisdiction limit. Plaintiff seeks only possession of the Property, a small amount of rent, and court costs. (Doc 1-1, p. 4). This is not a foreclosure action or other contractual action based upon a promissory note, but rather a simple dispossessory action. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); see also Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Thus, this case falls well below the $75,000.00 amount in controversy requirement, and as a result, diversity jurisdiction does not exist.

Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Fulton County.

## CONCLUSION

Based on the foregoing reasons, Defendant's motion to proceed in forma pauperis

4

is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Fulton County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 3 day of November, 2016.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE