IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAH 2014-2 BORROWER, LLC<br><br>**Plaintiff,**<br><br>v.<br><br>**CHASTITY PICKNEY and ALL OTHERS,**<br><br>**Defendants.** | 1:16-cv-3764-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] ("R&R"). The R&R recommends the Court remand this action to the Magistrate Court of Fulton County.

**I.  BACKGROUND**

In September 2016, Plaintiff CAH 2014-2 Borrower, LLC ("Plaintiff") filed a dispossessory proceeding in the Magistrate Court of Fulton County to evict Defendant Chastity Pickney ("Defendant") and all others from the property at 750 Stillrock Drive, Atlanta, Georgia 30331 (the "Property"), for failure to pay rent. ([1.1] at 4). Plaintiff sought possession, a small amount in unpaid rent, and court costs. (Id.). On October 11, 2016, Defendant filed her application for leave to proceed *in forma pauperis* and notice of removal in this Court. ([1.1] at 1-3).

Defendant argues in the removal papers that the Court has jurisdiction over the matter because Plaintiff's actions violated federal law.  ([1.1] at 1-2).

On November 3, 2016, the Magistrate Judge issued her R&R.  The R&R recommends the Court remand this action to the Magistrate Court of Fulton County, because the Court lacks jurisdiction over this action.  Plaintiff did not file any objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.     Analysis

The "well-pleaded complaint" rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint.  See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13

(1936); see also Anderson v. Household Fin. Corp., 900 F. Supp. 386, 388 (M.D. Ala. 1995).  A federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The Magistrate Judge found that the pleadings do not present any federal question, and the Court lacks federal subject matter jurisdiction over this action.  The Magistrate Judge also found that diversity jurisdiction does not exist, because the parties appear to be citizens of Georgia and the amount in controversy does not satisfy the jurisdictional limit.  Accordingly, the Magistrate Judge recommends the Court remand this action to the Magistrate Court of Fulton County.  The Court finds no plain error in these findings and recommendation, and this action is remanded to the Magistrate Court of Fulton County.  See Slay, 714 F.2d at 1095.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County.

**SO ORDERED** this 13th day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE